UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSION FUND, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> M&M INSTALLATION, INC., et al, <br><br> Defendant(s). | No. C08-5561 BZ <br><br> **ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Joint Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 10/19/2009, 2 days**

Pretrial Conference: **Tuesday, 9/29/2009, 4 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 8/12/2009**

Last Day for Expert Discovery: **Friday, 7/3/2009**

Last Day for Rebuttal Expert Disclosure: **Friday, 6/26/2009**

Last Day for Expert Disclosure: **Friday, 6/19/2009**

Close of Non-expert Discovery: **Friday, 7/3/2009**

1

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this

1  Court's standing orders regarding motion practice.  Motions
2  for **summary judgment** shall be accompanied by a statement of
3  the material facts not in dispute supported by citations to
4  admissible evidence.  The parties shall file a joint statement
5  of undisputed facts where possible.  If the parties are unable
6  to reach complete agreement after meeting and conferring, they
7  shall file a joint statement of the undisputed facts about
8  which they do agree.  Any party may then file a separate
9  statement of the additional facts that the party contends are
10 undisputed.  A party who without substantial justification
11 contends that a fact is in dispute is subject to sanctions.
12      Summary judgment motions shall be filed as follows: 1)
13 Plaintiffs' motion for summary judgment shall be filed by **June
14 17, 2009**; 2) Defendants' opposition and any cross-motion for
15 summary judgment shall be filed by **July 1, 2009**; 3)
16 Plaintiffs' reply to defendants' opposition and opposition to
17 defendants' cross-motion shall be filed by **July 15, 2009**; 4)
18 defendants' reply shall be filed by **July 29, 2009;** and 5) a
19 hearing on the motions is set for **August 12, 2009**.
20      In addition to **lodging** a Chambers copy of all papers, a
21 copy of all briefs shall be e-mailed in WordPerfect or Word
22 format to the following address: bzpo@cand.uscourts.gov.
23 4.   <u>MEDIATION</u>
24      By agreement of the parties, this matter has been
25 referred to the ADR Department to schedule a mediation to be
26 conducted within 60 days, if possible.  The parties shall
27 promptly notify the Court whether the case is resolved at the
28 Mediation.

3

1  5.    SETTLEMENT

2       This case is referred for assignment to a magistrate
3  judge to conduct a settlement conference in September of 2009.
4  Counsel will be contacted by that judge's chambers with a date
5  and time for the conference.

6  6.    PRETRIAL CONFERENCE

7       Not less than thirty days prior to the date of the
8  pretrial conference, the parties shall meet and take all steps
9  necessary to fulfill the requirements of this Order.

10      Not less than twenty-one days prior to the pretrial
11 conference, the parties shall: (1) serve and file a joint
12 pretrial statement, containing the information listed in
13 **Attachment 1**, and a proposed pretrial order; (2) serve and
14 file trial briefs, Daubert motions, proposed findings of fact
15 and conclusions of law, and statements designating excerpts
16 from discovery that will be offered at trial (specifying the
17 witness and page and line references); (3) exchange exhibits,
18 agree on and number a joint set of exhibits and number
19 separately those exhibits to which the parties cannot agree;
20 (4) deliver all marked trial exhibits directly to the
21 courtroom clerk, Ms. Voltz; (5) deliver one extra set of all
22 marked exhibits directly to Chambers; and (6) submit all
23 exhibits in three-ring binders.  Each exhibit shall be marked
24 with an exhibit label as contained in **Attachment 2**.  The
25 exhibits shall also be separated with correctly marked side
26 tabs so that they are easy to find.

27      No party shall be permitted to call any witness or offer
28 any exhibit in its case in chief that is not disclosed at

1 pretrial, without leave of Court and for good cause.

2     Lead trial counsel for each party shall meet and confer 3 in an effort to resolve all disputes regarding anticipated 4 testimony, witnesses and exhibits.  Not less than eleven days 5 prior to the pretrial conference, the parties shall serve and 6 file any objections to witnesses or exhibits or to the 7 qualifications of an expert witness, and any oppositions to 8 <u>Daubert</u> motions.  There shall be no replies.

9     A copy of all pretrial submissions, except for exhibits, 10 shall be e-mailed in WordPerfect or Word format to the 11 following address: bzpo@cand.uscourts.gov.

12     At the time of filing the original with the Clerk's 13 Office, two copies of all documents (but only one copy of the 14 exhibits) shall be delivered directly to Chambers (Room 15- 15 6688).  Chambers' copies of all pretrial documents shall be 16 three-hole punched at the side, suitable for insertion into 17 standard, three-ring binders.

18 Dated: March 24, 2009

                                      Bernard Zimmerman
                             United States Magistrate Judge

G:\BZALL\-BZCASES\RESILIENT FLOOR COVERING PENSION\SCHEDULING ORDER.wpd

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A) Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (B) Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (C) Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

    (D) Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

(4) **Trial Alternatives and Options.**

    (A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (B) Amendments, Dismissals. A statement of requested or

7

                    proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (C)  Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

    Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

| | |
|---|---|
| **USDC** <br> Case No. CV08-05561 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-05561 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-05561 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-05561 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-05561 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV08-05561 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV08-05561 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |