1 | STEPHEN THOMAS DAVENPORT, JR. #88208
JEFFREY G. McCLURE #152974
2 | DAVENPORT GERSTNER & McCLURE
1990 N. California Blvd., Suite 650
3 | Walnut Creek, California 94596
4 | Telephone: (925) 279-3430  Fax: (925) 932-1961

5 | Attorneys for Defendant M&M Installation, Inc. and Defendant/Counter-Claimant Simas Floor
6 | Company, Inc.

7

8 | **UNITED STATES DISTRICT COURT**
9 | **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 Resilient Floor Covering Pension Fund, et. al., | No. C08-05561 |
| 13  Plaintiffs, | |
| 14  vs. | **STIPULATION FOR FILING FIRST AMENDED COMPLAINT;** |
| 15 M&M Installation, Inc., et. al., | **ORDER THEREON** (proposed) |
| 16  Defendants. | |
| 18 and related Counter-Claim | |

20 | Plaintiffs Resilient Floor Covering Pension Fund and Board of Trustees of the Resilient

21 | Floor Covering Pension Fund ("Plaintiffs") and Defendant M&M Installation, Inc. and

22 | Defendant/Counter-Claimant Simas Floor Company, Inc. (collectively, "Defendants"), by and

23 | through their respective attorneys of record, hereby stipulate and agree as follows:

24 |     1.     Plaintiffs shall file the First Amended Complaint, attached hereto as Exhibit A; and

25 |     2.     Defendants shall have 10 days after the filing of said Amended Complaint to file

26 | their answer thereto.

27 | ///

28 | ///

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

1
**STIPULATION FOR FILING FIRST AMENDED COMPLAINT**
**ORDER THEREON (proposed)**

1   Dated: June 25, 2009.          DAVENPORT GERSTNER & McCLURE

2                                  /s/ Stephen Thomas Davenport, Jr.

3                                  _____
                                   STEPHEN THOMAS DAVENPORT, JR.
4                                  Attorneys for Defendant M&M Installation, Inc. and
                                   Defendant/Counter-Claimant Simas Floor Company, Inc.
5

6   Dated: June 26, 2009.          KRAW & KRAW

7

8                                  _____
                                   KATHERINE McDONOUGH
9                                  Attorneys for Plaintiffs Resilient Floor Covering Pension
                                   Fund and Board of Trustees of the Resilient Floor Covering
10                                 Pension Fund

11
                    ***********************************************
12

13                                  **ORDER THEREON**

14          Good cause appearing, Plaintiffs is granted leave to file the First Amended Complaint,

15  attached hereto as Exhibit A.

16  IT IS SO ORDERED.

17

18  Dated: _____June 29_____, 2009.

19                                  _____
                                   UNITED STATES MAGISTRATE JUDGE
                                   BERNARD ZIMMERMAN
20

21

22

23

24

25

26

27

28

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3450
Fax (925) 932-1961

2
**STIPULATION FOR FILING FIRST AMENDED COMPLAINT**
**ORDER THEREON (proposed)**

# EXHIBIT A

Katherine McDonough (California Bar No. 241426)
Michael J. Korda (California Bar No. 88572)
Kraw and Kraw
605 Ellis Street
Mountain View, California 94043
Telephone: (650) 314-7829
Facsimile: (650) 314-7899
kmcdonough@kraw.com
mjkorda@kraw.com

Counsel for Plaintiffs:
Resilient Floor Covering Pension Fund
Board of Trustees, Resilient Floor Covering Pension Fund

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSCISCO DIVISION

| | |
|---|---|
| RESILIENT FLOOR COVERING PENSIONFUND, <br><br> and <br><br> BOARD of TRUSTEES, RESILIENT FLOOR COVERING PENSION FUND, <br><br> Plaintiffs, <br><br> vs. <br><br> M & M INSTALLATION, INC., a California Corporation. <br><br> and <br><br> SIMAS FLOOR CO, INC., a California Corporation. <br> Defendants. | CV-08-05561-BZ <br><br> **FIRST AMENDED COMPLAINT** |
| SIMAS FLOOR CO., Inc <br><br> Counter-Claimant, <br><br> vs. <br><br> RESILIENT FLOOR COVERING PENSION FUND, et al., <br><br> Counter-Defendants. | |

FIRST AMENDED COMPLAINT - 1

## FIRST AMENDED COMPLAINT

### Introduction

1.     This is an action to collect a sum of withdrawal liability that the Defendants owe to the Plaintiffs.  The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980 (hereinafter "ERISA").

### Jurisdiction and Venue

2.     The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1451(c) and 28 U.S.C. § 1337.

3.     This Court has venue over this action pursuant to 29 U.S.C. § 1451(d) because this is the district where the Resilient Floor Covering Pension Plan is administered.

### Parties

4.     Plaintiff Resilient Floor Covering Pension Fund (hereinafter referred to as "Pension Fund") is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5).  The Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants.  The Pension Fund is also a multiemployer pension plan within the meaning of Section 1002(37) of ERISA, 29 U.S.C. § 1002(37).

5.     Plaintiff members of the Board of Trustees of the Resilient Floor Covering Pension Fund (hereinafter referred to as "Plaintiff Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.     Plaintiffs maintain their principal place of business at 1640 South Loop Road Alameda, California 94502.

7.     Plaintiffs bring this action on behalf of themselves and on behalf of Plan participants and beneficiaries pursuant to Sections 502 and 4301 of ERISA, 29 U.S.C. §§ 1132 and 1451.

8.      Defendant M & M Installation, Inc. (hereinafter referred to as "M& M") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12).

9.      Defendant M & M is a California corporation with a registered address and principal place of business located at 3550 Power Inn Road Sacramento, California 95826.

10.      Defendant Simas Floor Co., Inc. (hereinafter referred to as "Simas Floor") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. § 1002(5), (11), and (12).

11.      Simas Floor is a California Corporation with a registered address and principal place of business located at 3550 Power Inn Road Sacramento, California 95826.

## COUNT I (WITHDRAWAL LIABILITY)

12.      Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 11 as fully set forth herein.

13.      The Pension Fund is a multiemployer defined benefit pension fund primarily covering employees in the building and construction industry.

14.      Until on or about July 8, 2004, Defendant M & M was a participating employer in the Pension Fund and was obligated to make contributions to fund benefits for employees covered by the Pension Fund pursuant to a collective bargaining agreement with the Carpet Resilient Floor Covering and Sign Workers Local Union No. 1237 ("the union"), the Agreement and Declaration of Trust of the Pension Fund, and Section 515 of ERISA, 29 U.S.C. § 1145.

15.      Defendant M & M's obligation to contribute to the Pension Fund ceased on or about July 8, 2004 when it repudiated its collective bargaining agreement with the union.

16.      Defendant M & M by its own actions and through its alter ego Defendant Simas Floor has continued performing work in the jurisdiction of the Pension Fund of the kind for which contributions were previously required.

17.      As a result of Defendant M & M's complete withdrawal from the Pension Fund, Defendant M & M and its alter ego Defendant Simas Floor are obligated to pay withdrawal

1 | liability as required by the Agreement and Declaration of Trust and the provisions of the

2 | Multiemployer Pension Plan Amendments Act, 29 U.S.C. §§ 1381-1453.

3 |      18.    In compliance with all applicable statutory requirements and the rules of the

4 | Pension Fund, Plaintiffs calculated Defendants withdrawal liability to be $ 2,414,228.00.

5 |      19.    By letter dated October 29, 2004, Plaintiffs duly notified the Defendants of the

6 | withdrawal liability determination and informed them that quarterly payments of $ 43,945.20

7 | would be due every March, June, September, and December for twenty (20) years.  [See

8 | Withdrawal Liability Notice Attached as Exhibit 1]

9 |      20.    By letter dated November 7, 2005, Defendant M & M, through its attorney,

10 | notified the Pension Fund that it would not challenge the Fund's determination of withdrawal

11 | liability in arbitration. [See Correspondence dated November 7, 2005 attached as Exhibit 2]

12 |      21.    Defendant M & M made quarterly withdrawal liability payments from December

13 | 2004 until March 2008.

14 |      22.    By letter dated June 27, 2008, Defendant M & M notified the Pension Fund that it

15 | would cease making withdrawal liability payments. [See Correspondence dated June 27, 2008

16 | attached as Exhibit 3]

17 |      23.    By letter dated August 19, 2008 the Plaintiffs notified the Defendants that the

18 | June 2008 quarterly payment was overdue and that the Defendants were obligated to resume

19 | quarterly payments in accordance with the Fund's letter of October 29, 2004. [See Withdrawal

20 | Liability Delinquency Notice attached as Exhibit 4]

21 |      24.    On November 6, 2008, Defendant Simas Floor paid the June 2008 quarterly

22 | payment.

23 |      25.    On or about December 16, 2008 Defendant Simas Floor paid the September 2008

24 | quarterly payment.

25 |      26. The Plaintiffs' Trustees have determined, pursuant to their duly adopted withdrawal

26 | liability procedures, that an employer is in default if it fails to maintain current assets in an

27 | amount at least equal to current liabilities plus such additional amount as the Trustees may

28 | determine is appropriate in the particular circumstances, current assets and current liabilities to

1  be determined in accordance with generally accepted accounting principles and practices
2  consistently followed.

3       27. The Plaintiffs' Trustees have determined, pursuant to their duly adopted withdrawal
4  liability procedures, that there is a substantial likelihood that an employer will be unable to pay
5  its withdrawal liability if it fails to maintain current assets in an amount at least equal to current
6  liabilities plus such additional amount as the Trustees may determine is appropriate in the
7  particular circumstances, current assets and current liabilities to be determined in accordance
8  with generally accepted accounting principles and practices consistently followed.

9       28. Defendant M & M's current liabilities exceed its current assets under generally
10 accepted accounting principles.

11       29.    The Defendants are in default as defined by 29 U.S.C. § 1399 (c) (5)(A) and (B).

12       30.    Wherefore, the Plaintiffs request the following relief:

13       (a) Entry of a judgment against the Defendants for the full amount of withdrawal liability
14 ($2,414,228.00 less any payments received by the Plaintiffs) or, in the alternative, entry of an
15 order requiring the Defendants to remit all delinquent quarterly payments and to resume
16 payments in accordance with the schedule set forth in the Pension Fund's letter of October 29,
17 2004; and

18       (b) interest, liquidated damages, attorney's fees, court costs, and such other legal and
19 equitable relief to which the Plaintiffs may be entitled.

20
21                    **COUNT II (TRANSACTION TO EVADE**
                    **WITHDRAWAL LIABILITY, 29 U.S.C. §1392 (c))**

22       31.    Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs
23 1 through 30 as fully set forth herein.

24       32.    ERISA § 4212 (c), 29 U.S.C. §1392 (c), allows a transaction to be set aside if the
25 principal purpose of the transaction is to evade or avoid withdrawal liability.

26       33.    Defendant M & M transferred its employees and its commercial floor covering
27 installation operations to its alter ego Defendant Simas Floor for the purpose of evading and
28 avoiding withdrawal liability.

34. Any transfer of employees or commercial floor covering installation operations from Defendant M & M to Defendant Simas Floor should be set aside to the extent such transfer was designed to evade and avoid withdrawal liability.

35. Wherefore, Plaintiffs request the following relief:

(a) Entry of a judgment against the Defendants for the full amount of withdrawal liability ($2,414,228.00 less any payments received by the Plaintiffs) or, in the alternative, entry of an order requiring the Defendants to remit all delinquent quarterly withdrawal liability payments and to resume withdrawal liability payments in accordance with the schedule set forth in the Pension Fund's letter of October 29, 2004; and

(b) interest, liquidated damages, attorney's fees, court costs, and such other legal and equitable relief to which the Plaintiffs may be entitled.

## COUNT III (ALTER EGO LIABILITY)

36. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 35 as fully set forth herein.

37. Defendant Simas Floor is a Simas family owned and managed business that sells and installs flooring, primarily for new home builders.

38. Defendant Simas Floor is owned in equal shares by Mark Simas and Mark's cousins, Craig Simas and Michelle Simas Carli.

39. Mark Simas, Michelle Simas Carli, Craig Simas and their respective fathers Ken Simas, Jack Simas, and Dave Simas are on the Board of Directors of Defendant Simas Floor.

40. Defendant M & M is a Simas family owned and managed business that performs flooring installation work exclusively for Defendant Simas Floor.

41. Defendant M & M is owned by Mark Simas, Mark's father Ken Simas, and Mark's uncles, Jack Simas, and Dave Simas.

42. Mark Simas is the President and majority shareholder of Defendant M & M but his salary is paid by Defendant Simas Floor.

1        43.   .Mark Simas is also the President and one-third shareholder of Defendant Simas

2    Floor.

3        44.   Michelle Simas Carli, an officer and one-third shareholder of Defendant Simas

4    Floor, is not an officer, shareholder, or employee of Defendant M & M, but performs for

5    Defendant M & M  the same functions that she performs for Defendant Simas Floor.

6        45. Defendant Simas Floor and Defendant M & M operate from an office in the same

7    building, which is owned by another family business, Simas Enterprises.

8        46. Defendant Simas Floor has a lease for its office space, but Defendant M & M does

9    not have a lease nor does it pay rent for its use of the office space leased by Defendant Simas

10   Floor.

11       47. Defendant M & M uses Defendant Simas Floor's equipment, trucks, and office

12   staff.

13       48.   Megan Hui is the Chief Financial Officer for Simas Floor.  Ms. Hui is paid

14   exclusively by Defendant Simas Floor, but performs the bookkeeping and accounting for

15   Defendant M & M.

16       49.   The seven principals of Defendant Simas Floor and Defendant M & M (Mark Simas,

17   Jack Simas, Dave Simas, Ken Simas, Craig Simas, Michelle Simas Carli, and Megan Hui) hold

18   joint meetings and jointly make decisions about the operations of Defendant Simas Floor and

19   Defendant M &M.

20       50.   No later than early 2004, the seven principals of Defendant Simas Floor and

21   Defendant M & M developed a business plan to increase profits by making the Simas family

22   businesses non-union and hired an attorney to advise them on implementing this strategy.

23       51.   On or about late 2004, the seven principals of M & M/ Simas Floor held a joint

24   board meeting where it was determined that it would be more profitable for Defendant M & M to

25   repudiate its collective bargaining agreement with Local 1237 and to pay withdrawal liability

26   than to continue operating under a collective bargaining agreement.

27       52.   In 2004, the seven principals of M & M/Simas Floor held a joint board meeting to

28   discuss separating the operations, equipment, and finances of the two companies so they would

1    not be alter egos or members of the same controlled group and so that Defendant Simas Floor

2    would not be liable for withdrawal liability.

3         53.     The seven principals of M & M/Simas Floor abandoned their plan in 2004 to

4    separate the two companies because it was "too exhausting" and would take "too much energy

5    away from making money" to separate the two companies.

6         54.     In the malpractice action against the attorney who advised the Simas family on

7    taking their businesses non-union, Mark Simas acknowledged the interrelationship of the two

8    companies, testifying "I'm paying the withdrawal liability. Whether it's M & M or Simas Floor

9    Company, I'm paying the withdrawal liability."

10        55.     In late 2007, M & M Installations lost its malpractice action against the attorney

11   who helped the Simas family execute their strategy of making their businesses non-union.

12        56.     In 2008 the Simas family transferred the operations and employees of Defendant

13   M & M to Defendant Simas Floor and shut down Defendant M & M in an effort to evade and

14   avoid  Defendant M &M's withdrawal liability.

15        57.     Defendant Simas Floor exercises total domination over Defendant M & M, to the

16   extent that Defendant M & M manifests no separate corporate interests of its own.

17        58.     Defendant Simas Floor is the alter-ego of Defendant M & M and therefore liable

18   for Defendant M & M's withdrawal liability.

19        59.     Wherefore, Plaintiffs request the following relief:

20             (a) Entry of a judgment against the Defendants for the full amount of withdrawal

21   liability ($2,414,228.00 less any payments received by the Plaintiffs) or, in the alternative, entry

22   of an order requiring the Defendants to remit all delinquent quarterly withdrawal liability

23   payments and to resume withdrawal liability payments in accordance with the schedule set forth

24   in the Pension Fund's letter of October 29, 2004; and

25             (b) interest, liquidated damages, attorney's fees, court costs, and such other legal

26   and equitable relief to which the Plaintiffs may be entitled.

27

28

## COUNT IV (SUCCESSOR LIABILITY)

60.     Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 59 as fully set forth herein.

61.     Defendant Simas Floor received notice of Defendant M & M's withdrawal liability when Mark Simas, President and CEO of Simas Floor, received the Pension Fund's letter of October 29, 2004  setting forth the Plaintiffs' withdrawal liability schedule.

62.     Principals of Simas Floor (including Mark Simas, Michelle Simas Carli, Craig Simas, and Megan Hui) discussed strategies for evading and avoiding M & M's withdrawal liability in 2004.

63.     Principals of Simas Floor (including Mark Simas, Michelle Simas Carli, Craig Simas, and Megan Hui) testified about M & M's withdrawal liability in the malpractice action in 2008.

64.     Defendant M & M used the offices, flooring laying equipment, good will, office equipment of Simas Floor to perform its carpet, vinyl, and ceramic tile installation operations.

65.     Defendant M & M owned trucks which it used in performing carpet, vinyl, and ceramic tile installation operations.

66.     M & M's trucks were the only assets it owned.

67.     Simas Floor purchased M &M's assets for cash on or about July 2008.

68.     Simas Floor has continued without interruption or substantial change, the business operations of M & M since July 2008.

69.     Defendant Simas Floor is liable as a successor employer for M & M's withdrawal liability.

70.     Wherefore, Plaintiffs request the following relief:

(a) Entry of a judgment against the Defendant Simas Floor for the full amount of withdrawal liability ($2,414,228.00 less any payments received by the Plaintiffs) or, in the alternative, entry of an order requiring the Defendants to remit all delinquent quarterly withdrawal liability payments and to resume withdrawal liability payments in accordance with the schedule set forth in the Pension Fund's letter of October 29, 2004; and

FIRST AMENDED COMPLAINT - 9

1         (b) interest, liquidated damages, attorney's fees, court costs, and such other legal

2    and equitable relief to which the Plaintiffs may be entitled.

3

4

5

6    Dated: June 17, 2009                    Respectfully submitted,

7

8
                                            /s/Katherine McDonough
9                                           Katherine McDonough (California Bar No. 241426)
                                            Michael J. Korda (California Bar No. 88572)
10                                          Kraw and Kraw
                                            605 Ellis Street
11                                          Mountain View, California 94043
                                            Telephone: (650) 314-7829
12                                          Facsimile: (650) 314-7899
                                            kmcdonough@kraw.com
13                                          mjkorda@kraw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


FIRST AMENDED COMPLAINT - 10

**EXHIBIT 1**

TOLL FREE
1-800/782-0010

**Resilient Floor Covering Pension Fund**

985 ATLANTIC AVENUE #300
ALAMEDA, CALIFORNIA 94501
510/521-5917

FAX
1-510/521-2110

October 29, 2004

M&M Installation Company
P. O. Box 278418
Sacramento, CA  95827

Re:   Resilient Floor Covering Pension Fund
      Withdrawal Liability Payments

Dear Sir:

The Fund Office was notified on July 8, 2004 that your company has withdrawn from the
Resilient Floor Covering Pension Fund (the "Fund"). A company is considered
withdrawn if it ceases to have an obligation to contribute to the Fund.

Based on information compiled by the Fund Office for its actuary, your company's
withdrawal liability is $2,414,228. Payments of $43,945.52 are due every quarter for a
total of 80 quarters for the next 20 years. Your payments were computed pursuant to the
Multiemployer Pension Plan Amendments Act of 1980 of ERISA.

Please remit payment of $43,945.52 within 60 days from the date of this letter. The
remaining payments are due by March, June, September and December each year for the
next 20 years or until the balance is paid in full.

Thank you in advance for your anticipated cooperation in this matter. Please contact me
if you have any questions.

Sincerely,

Eric Barker,
Fund Manager

OPE 3/223

**EXHIBIT 2**

NOV. -07' 05(MON)  10:39                                        P. C03



## DAVENPORT GERSTNER & McCLURE
### LAW OFFICES

November 7, 2005

**VIA FAX – (415) 982-8021**          **VIA FAX – (408) 275-8418**

Mr. Norman Brand                      Mr. George M. Kraw
150 Lombard Street, Suite 3           Kraw & Kraw
San Francisco, CA  94111-1133         333 W. San Carlos, Suite 200
                                      San Jose, California  95110

    Re:   M&M Installations, Inc. and Resilient Floor Covering Pension Fund
              Withdrawal of Request for Arbitration

Dear Mr. Brand and Mr. Kraw:

    My client, M&M Installations, Inc., has decided not to pursue arbitration regarding the Resilient Floor Covering Pension Fund's assessment of withdrawal liability and hereby withdraws its request for arbitration. As a result, there is no need to conduct the scheduling conference which was to be held tomorrow morning.  Thank you.

        Very truly yours,

        DAVENPORT GERSTNER & McCLURE

        Stephen Thomas Davenport, Jr.

STD:ag
cc:    M&M Installations, Inc.

**EXHIBIT 3**

M&M Installation, Inc.
P.O. Box 278418
Sacramento, CA 95827

June 27, 2008

Mr. Mike McCormick
Associated Third Party Administrators
Fund Manager
1640 S Loop Road
Alameda, CA 94502

Re:   M&M Installations, Inc. and Resilient Floor Covering Pension Fund

Dear Mr. McCormick:

Last week, I spoke to Arsie Valdez about M&M Installations, Inc.'s March 24, 2008 check to the Fund for its March, 2008 quarterly withdrawal liability payment, which had not been cashed by the Fund. I explained to Ms. Valdez that when I was closing M&M's books and winding up its affairs after M&M ceased operations and laid off all employees on April 30, 2008, I discovered that the March 24, 2008 check had not yet been cashed. When we spoke last week, she said that the check must have been misplaced due to the Fund's administrative changes. Ms. Valdez told me that you are now administering the Fund and asked me to send a replacement check directly to you. Accordingly, I placed a stop payment on M&M's earlier check and am now enclosing M&M's check No. 2333 in the amount of $43,945.52 for the March, 2008 quarterly payment. Since M&M has ceased operations and wound up its affairs, this will be its last withdrawal liability payment.

Sincerely,

Megan Hui
Bookkeeper

Enclosures

RECEIVED

JUL 01 2008

ATPA

23

**EXHIBIT 4**

TOLL FREE
1-800/782-0010

Resilient Floor Covering Pension Trust Fund

STREET ADDRESS:          MAILING ADDRESS:
1640 SOUTH LOOP RD.      P.O. BOX 34679
ALAMEDA, CA 94502        OAKLAND, CA 94623

FAX
1-510/337-1073

510/994-9484

August 19, 2008

**Via Certified Mail**
Mr. Mark Simas
CEO/President
M&M Installation Company
P.O. Box 278418
Sacramento, CA 95827

  Re: Withdrawal Liability Payments / M&M Installations

Dear Mr. Simas:

We received a letter dated June 27, 2008 from Megan Hul of your Company stating that M&M Installations has ceased operations and wound up its affairs. Ms. Hul included the March 2008 quarterly withdrawal liability payment with her letter. She indicated that no further withdrawal liability payments would be made.

Currently, M&M Installations has an active contractor's license (number 705022) with the state of California and is listed as an active corporation with the California Secretary of State. M&M is still doing business in California under the name of either M&M Installations or Simas Floor Company. Simas Floor Company also has a current California contractor's license (number 191380), is listed as an active corporation with the California Secretary of State, has you listed as the CEO/President, and shares the same address as M&M Installations. M & M Installations therefore continues to be liable for withdrawal liability under Section 4203 (b)(2) of ERISA, 29 U.S.C. § 1383 (b).

Withdrawal liability was assessed in the amount of $2,414,228 to be paid quarterly for a total of 80 quarters. The payment due June 30, 2008 has not yet been received by the Fund. Payment in the amount of $43,945.52 plus interest is due immediately. Payments are to resume on a quarterly basis as stipulated in the letter dated October 29, 2004. If the June 2008 quarterly payment is not received within 60 days of your receiving this letter, M & M Installations will be in default as defined by 29 U.S.C. § 1399 (c)(5)(A). The consequence of default is the acceleration of the total outstanding liability plus the accrued interest on the total outstanding liability. If the June 2008 quarterly payment is not received within 60 days of your receiving this letter, the Fund will initiate an action in federal court to compel M&M Installations to pay the entire amount of outstanding withdrawal liability, interest, liquidated damages, attorney's fees and costs.

Sincerely,

Jim Clark

cc: Trustees